IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY EARL DEASON                                                                                    PLAINTIFF
ADC #96839

V.                                        NO. 5:06CV00326 WRW-JWC

ARKANSAS DEPARTMENT                                                                         DEFENDANTS
OF CORRECTION, et al

ORDER

On December 13, 2006, Plaintiff, a pro se inmate currently confined to the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Because Plaintiff has failed to submit a calculation sheet that has been properly completed by an authorized official of the incarcerating facility stating the amount of money or securities on deposit in his institutional account for the previous six-month period, in forma pauperis status is denied.

**A prisoner who is permitted to file a civil action in forma pauperis still must pay the full statutory filing fee of $350**. Id. § 1915(b)(1).  Method and timing of payment is the only issue to be resolved.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) (stating that all prisoner-litigants are "required to pay filing fees in full . . . the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Furthermore, federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Should Plaintiff's case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted;

or 3) seeks monetary relief against a defendant who is immune from such relief, **there is no provision for a refund of any portion of the filing fee to the prisoner**. 28 U.S.C. § 1915A(a). In addition, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time for any of these reasons. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

So that the Court can determine how the $350 filing fee will be paid, the prisoner is required to submit a calculation sheet prepared and executed by an authorized official of the incarcerating facility. This calculation sheet reflects the deposits and monthly balances in the prisoner's account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Based on this information, the Court will assess an initial partial filing fee if sufficient funds exist and will direct the collection of monthly payments from Plaintiff's account until the full filing fee is paid. Id. § 1915(b)(1) and (2). However, no prisoner will be prohibited from bringing a civil action solely because he "has no assets and no means by which to pay the initial partial filing fee." Id. § 1915(b)(4).

As an initial matter the Court notes that Plaintiff has named as a Defendant the Arkansas Department of Correction.[1] The ADC is not a proper party to this action as it is not a "person" subject to suit under § 1983. See Brown v. Missouri Dep't of Corr., 353 F.3d 1038, 1041 (8th Cir. 2004) (per curiam) (citing Will, 491 U.S. at 71) (Missouri Department

---

[1] The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Barnes v. State of Missouri, 960 F.2d 63, 64 (8th Cir. 1992) (per curiam); Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989).

of Correction was not proper party in § 1983 suit); Walker v. Zunker, 30 Fed. Appx. 625, 628 (7th Cir. 2002) (unpub. order) (Wisconsin Department of Corrections and Bureau of Health Services were not suable entities under § 1983; "state agencies are not 'persons' within the meaning of § 1983 and thus are not subject to suit"); Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (per curiam) (neither the Cook County Department of Corrections or its mail room as a subdivision of the department are entities subject to suit); Strickler v. Waters, 989 F.2d 1375, 1388 (4th Cir. 1993) (Virginia Department of Correction is not a "person" subject to suit); Johnson v. State of Nebraska, Dep't of Corr. Serv., 806 F. Supp. 1412, 1420 (D. Neb. 1992) (state or state agency is not a proper defendant in § 1983 case). For this reason, Plaintiff is notified that the Court will entertain a motion to voluntarily dismiss the ADC as a Defendant to this action.

In addition to the above, Plaintiff has submitted his complaint to the Court unsigned. In fact, he has failed to even attach page 5 of the complaint form to the Court. The Clerk of the Court is therefore directed to send to Plaintiff page 5 of a blank complaint form. Plaintiff is ordered to indicate the relief he seeks, and to sign, date, and return page 5 to the Court.

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (docket entry #1) is DENIED.

2. The Clerk of the Court is directed to forward an in forma pauperis application and calculation sheet to Plaintiff.

3. Plaintiff is directed to complete and sign the in forma pauperis application. At Plaintiff's request, an authorized official of the Cummins Unit is directed to complete and

sign the certificate portion of his in forma pauperis application, along **with the required calculation sheet**.

4.  Plaintiff is directed to file the completed in forma pauperis application within thirty (30) days of this order's entry date.

5.  The Clerk of the Court is further directed to send to Plaintiff page 5 of a blank complaint form. Plaintiff is ordered to indicate the relief he seeks, and to sign, date, and return page 5 of his complaint to the Court within thirty (30) days of this order's entry date.

6.  Service is NOT appropriate for Defendants at this time.

**Plaintiff is advised that his failure to make a timely and complete response to this Court's order will result in a recommended dismissal of his case without prejudice.**[2]

IT IS SO ORDERED this 20th day of December, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2) of the Rules of the United States District Court for the Eastern District of Arkansas, which provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."