IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY EARL DEASON                                                                                    PLAINTIFF
ADC #96839

V.                                         NO. 5:06cv00326 WRW-JWC

ARKANSAS DEPARTMENT                                                                         DEFENDANTS
OF CORRECTION, et al

<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

### I. Instructions

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR  72201-3325

## II.  Recommended Disposition

On December 13, 2006, Plaintiff, a pro se inmate currently confined to the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Because Plaintiff failed to submit a calculation sheet that had been properly completed by an authorized official of the incarcerating facility stating the amount of money or securities on deposit in his institutional account for the previous six-month period, in forma pauperis status was denied.

So that the Court could determine how the $350 filing fee would be paid, by order entered December 20, 2006 (docket entry #3), Plaintiff was directed to complete and sign a new in forma pauperis application (that the Court provided to him).  At Plaintiff's request, an authorized official of the Cummins Unit was directed to complete and sign the certificate portion of his application, along with the required calculation sheet.  Plaintiff was directed to file the completed in forma pauperis application on or before January 19, 2007.

The Court also explained to Plaintiff that he could not name the ADC as a defendant to his action because the ADC is not a "person" subject to suit under § 1983.  For this

reason, Plaintiff was notified that the Court would entertain a motion to voluntarily dismiss this Defendant.  In addition, Plaintiff submitted his complaint to the Court unsigned.  In fact, he failed to attach page 5 of the complaint form to the Court.  The Clerk of the Court was therefore directed to send to Plaintiff page 5 of a blank complaint form and Plaintiff was ordered to indicate the relief he sought, and to sign, date, and return page 5 to the Court with the other materials requested.  Plaintiff was advised that his failure to make a timely and complete response to the Court's order would result in a recommended dismissal of his case without prejudice.

In response to the Court's effort to aid Plaintiff in pursuing his claim, it received a crude and mildly threatening letter from him with a post-marked date of January 9, 2007.  In this letter Plaintiff states that his "old stepmother" sends him $15.00 a week and that this money is not for the Court.  He goes on to twice tell the Court to "Go to hell!"  And he further prays in Jesus' name for the Court's people to suffer as he has and threatens to make the Court "pay" by magnifying this "injustice" (of having to pay to pursue this action) in the media.  Plaintiff has made his choice.  This case should therefore be dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure to comply with the Court's order.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well

settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

4. This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 24th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.